UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE VPS COMPANIES, INC.,<br>     Plaintiff,<br><br>          v.<br><br>ARCH SPECIALTY INSURANCE COMPANY, et al.,<br>     Defendants. | Case No. 24-cv-02493-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING JUDICIAL NOTICE; DENYING *DAUBERT* MOTIONS**<br>Re: ECF 58, 59, 60, 61, 70, 71, 75, 76, 77, 78, 79, 82 |

Defendants Arch Specialty Insurance Company and AXIS Surplus Insurance Company move for summary judgment in this insurance dispute arising from the failure of roof trusses, or support beams, in a warehouse in 2022. Plaintiff The VPS Companies, Inc. brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing against each Defendant, alleging the insurers unreasonably delayed and denied coverage for the 2022 loss under insurance policies covering VPS and the warehouse. Defendants argue summary judgment is appropriate where their policies did not cover the truss failures as a matter of law because the problem underlying the failures first manifested in 2020 and was known and apparent to VPS prior to the policy period. Defendants also argue VPS lacked an insurable interest in the warehouse property such that it cannot recover under the policies. VPS, in turn, argues Defendants fail to show the 2022 loss was a continuation from a prior loss in 2020 or part of a known risk, and that

1  VPS had an insurable interest in the warehouse property. The parties have also submitted
2  a request for judicial notice, *Daubert* motions to exclude expert opinion testimony, and
3  evidentiary objections.
4      The Court finds there is no genuine dispute of material fact that VPS lacked an
5  insurable interest in the warehouse property. VPS therefore cannot recover under
6  Defendants' policies for the 2022 loss as a matter of law, and lacks standing. As such, the
7  Court GRANTS Defendants' motion for summary judgment on all claims. As discussed
8  below, the Court also grants Defendant's request for judicial notice, denies Plaintiff's and
9  Defendants' *Daubert* motions, and overrules all but one of Defendants' evidentiary
10  objections.

## I. BACKGROUND

### A. Factual Background

The following facts are undisputed. Plaintiff VPS owns subsidiary companies including Central Cold Storage (CCS) and National Custom Packing (NCP). VPS obtained a primary property insurance policy from each Defendant for the period from July 9, 2022, to June 1, 2023. VPS was the only named insured on the policies. The policies covered the property located at 13256 Blackie Road, Castroville, CA 95012, which includes a cold storage warehouse. The Property is owned by CCS.

Defendants received a notice of loss from VPS for the Property on July 21, 2022, after multiple roof trusses, or support beams, in the warehouse cracked due to ice build-up. Another truss in the same room of the warehouse fractured in 2020 due to ice build-up. VPS filed a claim with its previous insurer for the 2020 truss failure.

### B. Procedural Background

VPS initiated this action alleging breach of contract and breach of the implied covenant of good faith and fair dealing claims against each Defendant. ECF 1-1. Defendants filed a motion for summary judgment, ECF 58 (Mot.), and an accompanying request for judicial notice, ECF 59. VPS opposed the motion. ECF 77 (Opp'n). Defendants replied, ECF 78 (Reply), and filed objections to Plaintiff's evidence submitted

1  in support of its opposition to summary judgment, ECF 79. The Court allowed VPS to

2  respond to Defendants' evidentiary objections, which it did at ECF 82.

3        Also fully briefed and before the Court are Plaintiff's *Daubert* motion to strike

4  Defendants' expert opinions, ECF 60, 71, 75, and Defendants' *Daubert* motion to exclude

5  certain testimony, ECF 61, 70, 76.

## II.   LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

## III.  DISCUSSION

Defendants proffer multiple theories as to why they are entitled to summary judgment: that the policies do not cover the truss failures because the problem manifested prior to the inception of the policies; that the truss failures were uninsurable because the

problem was known or apparent to VPS prior to the inception of the policies; and that VPS lacked an insurable interest in the Property.

Defendants establish the absence of a genuine dispute of material fact—and VPS fails to rebut—that VPS lacked an insurable interest in the Property and therefore cannot recover under the insurance policies for breach of contract or breach of the implied covenant for good faith and fair dealing, and lacks standing. As a result, the Court need not, and cannot, reach the parties' arguments on the remaining substantive issues. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010) ("The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing.").

**A.  The Court Grants Summary Judgment Because There is No Genuine Dispute of Material Fact that Plaintiff VPS Lacked an Insurable Interest in the Property**

"No person may recover on a policy of insurance unless that person has an insurable interest in the property insured." *Cal. Food Serv. Corp. v. Great Am. Ins. Co.*, 130 Cal. App. 3d 892, 897 (Cal. Ct. App. 1982); *see* Cal. Ins. Code § 280. California law broadly defines an insurable interest to include "every interest in property, or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured." Cal. Ins. Code § 281. Insureds themselves, therefore, need not "own traditional forms of property interests to create an insurable interest in property." *McAdam v. State Nat'l Ins. Co., Inc.*, 28 F. Supp. 3d 1110, 1117 (S.D. Cal. 2014) (citation omitted). Rather, if "the insured has a direct pecuniary interest in the preservation of the property, and [] will suffer a pecuniary loss as an immediate and proximate result of its destruction," they have an insurable interest. *Davis v. Phoenix Ins. Co.*, 111 Cal. 409, 414 (Cal. 1896). Nonetheless, a "mere contingent or expectant interest in anything, not founded on an actual right to the thing, nor upon any valid contract for it, is not insurable." Cal. Ins. Code § 283. "An interest in property insured must exist when the insurance takes effect, and when the loss occurs" to recover under an insurance policy. Cal. Ins. Code § 286. "Whether an insurable interest existed is a question of fact." *McAdam*, 28 F. Supp.

4

3d at 1117 (citation omitted).

Defendants meet their initial burden on summary judgment by identifying specific evidence to establish VPS lacked an insurable interest in the Property. Mot. 19–20. First, Defendants point to Plaintiff's Amended Response to Defendant Arch's First Set of Requests for Production of Documents in which VPS stated, "CCS is the owner of the warehouse in question. . . . Responding party is not aware of any lease agreements for the warehouse in question that were in effect at any time between January 1, 2020, and the present." Mot., Ex. 15 at 59–60. Second, Defendants refer to the depositions of Byron Johnson, a VPS officer and chairman of the board, and John Thornton, a VPS employee and president and board member of CCS, who both testified that VPS is a holding or umbrella company that owns CCS as a subsidiary. Mot., Ex. 1 at 6–7, Ex. 2 at 10–11. Defendants also cite to VPS and CCS's separate corporate statements of information filed with the California Secretary of State to establish that the two companies are separate corporate entities. Mot., Exs. 17–18.[1] Third, Defendants cite the deposition of Javier Aldape, the chief financial officer of VPS, who testified that CCS and NCP experienced business losses from the truss damage when asked whether VPS, CCS, or both suffered lost business income. Mot., Ex. 16 at 92–93. Aldape stated, "I'm only claiming the loss of NCP and CCS." Mot., Ex. 16 at 93.[2]

Based on this evidence, Defendants meet their burden to establish that: (1) VPS did not own the Property or lease the Property from CCS at the time the insurance policies

---

[1] The Court grants Defendants' request for judicial notice of Exhibits 17, 18, and 19 to their motion for summary judgment, which are statements of information for VPS, CCS, and NCP. ECF 59; see Fed. R. Evid. 201(c)(2). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because the statements of information were downloaded from the California Secretary of State's website, they are facts that can be accurately and readily determined and are not subject to reasonable dispute. *See One Hour Air Conditioning Franchising SPE LLC v. Bigham Servs., Inc.*, No. 21-cv-07891-VC, 2022 WL 3132424, at *1 n.1 (N.D. Cal. Aug. 5, 2022); ECF 59 at 2.

[2] Defendants' *Daubert* motion seeks to exclude Aldape's opinion measuring the financial loss from the truss failures. ECF 61 at 11–12. Because Aldape's deposition statement as to who suffered lost business income does not concern his opinion on methodology for calculating such loss, the Court need not rule on the motion to strike Aldape's opinion.

took effect or at the time of the loss; (2) VPS and CCS are separate corporate entities; and (3) VPS did not experience business income loss from the truss damage. These facts are sufficient to establish that there is no genuine dispute of material fact that VPS lacked a "direct pecuniary interest in the preservation of the property," and thus lacked an insurable interest in the Property as a matter of law. *See Davis*, 111 Cal. at 414.

VPS fails to set forth specific facts to establish a triable issue of fact in response. VPS admits that CCS owns the Property, and that VPS and CCS are separate corporate entities. Opp'n 2 ("Central Cold Storage is the owner of the Property . . ."); Opp'n 23 ("VPS Companies, Inc, is the umbrella company of Central Cold Storage and National Custom Packing, which are its solely-owned subsidiaries . . .").

VPS argues that it had a pecuniary interest, and therefore an insurable interest, in the Property because it is the sole owner of CCS and its "financial success is inherently intertwined with the success of its subsidiaries." Opp'n 22–23. But VPS provides no evidence to demonstrate as much, citing only to the accompanying declaration of its attorney, which itself offers the same conclusory statement and does not cite to any evidence.[3] *See Liberty Lobby*, 477 U.S. at 256–57 (explaining Rule 56(e) provides that the non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial"). VPS's argument is also legally insufficient: "A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary." *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). Sharing executive officers or board members, as it appears VPS and CSS do, also "does not mean that these entities' interests were interchangeable." *Mid-Century Ins. Co. v. AMCO Ins. Co.*, 14-cv-02339-AB

---

[3] Plaintiff's counsel's declaration in support of Plaintiff's opposition states, in part, that VPS shares the interests of its subsidiaries "because Plaintiff's financial success is inherently tied to CCS's and NCP's financial success. Collectively, CCS and NCP, along with Plaintiff's other subsidiaries, are 'the VPS Companies, Inc.'" Defendants object that this statement lacks personal knowledge, offers an improper legal conclusion, and lacks foundation. ECF 79 ¶ 1; *see* Fed. R. Civ. P. 56(c)(2). The Court agrees and sustains the objection under Federal Rule of Evidence 602 because Plaintiff's counsel has not introduced evidence or testimony to prove personal knowledge of the matter.

(JEMx), 2015 WL 12661914, at *6 (C.D. Cal. Oct. 30, 2015); *see* Mot., Exs. 17–18.

Although VPS need not own or have a formal property interest in the Property to demonstrate an insurable interest, it must provide some evidence of its pecuniary interest in the Property—for example, actual damages it incurred based on the truss damage, or its actual possession or use of the Property. *See Davis*, 111 Cal. at 414 (recognizing "legal title, an equitable title, a lien, [] such other lawful interest" or "[a]ctual possession by consent of the owner" of a property as grounds for insurable interests); *Hooper v. Robinson*, 98 U.S. 528, 538 (1878) ("The agent, factor, bailee, carrier, trustee, consignee, mortgagee, and every other lien-holder, may insure to the extent of his own interest."); *Cal. Food*, 130 Cal. App. 3d at 897 (recognizing a "letter of intent" or "binding contract" as potential grounds for an insurable interest). But VPS cites to none, and the Court finds none in the exhibits attached to VPS's opposition brief.[4] In fact, some of the evidence provided by VPS—namely, an invoice from a construction company for repair of the damaged trusses that is billed to CSS—hurts VPS's position that it had a pecuniary interest in the Property independent of its interest in CSS. *See* Opp'n, Ex. 29 at 4. Ultimately, it "is not the Court's responsibility to root through the record to establish the absence of factual disputes . . . or to look for evidence on the nonmoving parties' behalf." *CZ Servs., Inc. v. Express Scripts Holding Co.*, No. 18-cv-04217-JD, 2020 WL 4368212, at *3 (N.D. Cal. July 30, 2020).

VPS also argues that it had an insurable interest in the Property based on California's alter ego doctrine, in which "a corporation is treated as being the alter ego of another corporation if there is such a unity of interest and ownership that the individuality of such corporation and the owner or owners of its stock has ceased." Opp'n 22 (quoting *Mesler v. Bragg Mgmt. Co*, 39 Cal. 3d 290, 299 (Cal. Ct. App. 1985)). But as VPS itself acknowledges, the alter ego doctrine applies "for the purposes of determining liability."

---

[4] The Court notes that the AXIS insurance policy includes a schedule indicating that Bank of America is a mortgagee and loss payee on the Property, but it is not clear whether VPS is a party to this mortgage. Opp'n, Ex. 2 at 54; *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

7

Opp'n 22; *see Mesler*, 39 Cal. 3d at 300. The alter ego doctrine does not apply where, as here, "there is no suggestion that the common owners of [separate companies] were abusing the corporate form to anyone's detriment." *See Mid-Century Ins.*, 2015 WL 12661914, at *6.

Although VPS very well could have had an insurable interest in the Property, it has failed to carry its burden to establish as much by pointing to any evidence whatsoever. Without an insurable interest, VPS cannot recover for breach of contract or breach of the implied covenant of good faith and fair dealing under the insurance policies because California law dictates that the policies are void. *See* Cal. Ins. Code § 280; *Ram v. Infinity Select Ins.*, 807 F. Supp. 2d 843, 853, 856, 860–61 (N.D. Cal. 2011) (granting summary judgment on breach of contract and breach of covenant of good faith where insurance policy was void). VPS also cannot establish an injury in fact sufficient for standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (holding that the party invoking federal jurisdiction is constitutionally required to establish the plaintiff has suffered a "concrete and particularized" and "actual or imminent" injury in fact).

As such, Defendants' motion for summary judgment is GRANTED. The Court does not reach the parties' remaining arguments. *See Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Chandler*, 598 F.3d at 1121.

### B. The Court Denies Plaintiff's and Defendants' *Daubert* Motions and Overrules Defendants' Remaining Evidentiary Objections

The Court did not need to reach Plaintiff's or Defendants' *Daubert* motions to strike expert opinions to resolve the motion for summary judgment. Because the Court grants summary judgment, both *Daubert* motions are denied. ECF 60, 61.

The Court only needed to reach the first of Defendants' thirty objections to Plaintiff's evidence filed in support of its opposition to summary judgment. Except for the objection sustained above in footnote 3, Defendants' remaining objections are overruled. ECF 79.

## IV. CONCLUSION

The Court GRANTS Defendants' motion for summary judgment. ECF 58. The Court GRANTS Defendants' request for judicial notice. ECF 59; *see supra* 5 n.1. The Court DENIES Plaintiff's *Daubert* motion to strike expert opinions, ECF 60, and Defendants' *Daubert* motion to strike expert opinions. The Court SUSTAINS Defendants' first objection to Plaintiff's evidence filed in support of its opposition to summary judgment and otherwise OVERRULES their remaining objections. ECF 79; *see supra* 6 n.3.

Judgment will follow under separate order.

**IT IS SO ORDERED.**

Dated: May 1, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge